UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMIR POUYA, ) | |
| ) | FILED: AUGUST 22, 2008 |
| PETITIONER ) | 08CV4816 |
| ) | JUDGE KENNELLY |
| V ) | MAGISTRATE JUDGE SCHENKIER |
| ) | BR |
| MICHAEL MUKASEY, ATTORNEY GENERAL, ) | |
| RUTH DORCHOFF, DISTRICT DIRECTOR, ) | |
| USCIS, CHICAGO DISTRICT OFFICE, ) | |
| SECRETARY OF THE DEPARTMENT OF ) | |
| HOMELAND SECURITY, DIRECTOR OF THE ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICE, ) | |
| ) | |
| DEFENDANTS ) | |

COMPLAINT FOR MANDAMUS

Now Comes the Petitioner, AMIR POUYA, by and through his attorney, Michael C. Goode, and as and for his complaint for Mandamus against Michael Mukasey, Attorney General of the United States and Ruth Dorchoff, Acting District Director, Department of Homeland Security United States Citizenship and Immigration Service, or her successor, Chicago, Illinois and states as follows:

JURISDICTION

1. This is a civil action brought pursuant to 8 U.S.C. 1329, and 28 U.S.C. Section 1331 and 1361, to redress the deprivation of rights, privileges and immunities secured to Plaintiff by which the statutory jurisdiction is conferred, to compel the Defendant to perform a duty owed to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. Section 704 and 8

U.S.C. 1447(b) which provides that "if there is a failure to make a determination under section 1446, 8 U.S.C. 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under this section, the applicant may apply to the United States District Court for the district in which the applicant resides for a hearing on the matter"...

## COUNT I

2. This action is brought to compel Defendants and those acting under them, to perform a ministerial function and complete the administrative processing of his application for naturalization and schedule him for a swearing in ceremony which has been pending since September, 2004.

3. Petitioner, AMIR POUYA, is a native and citizen of Iran residing in Granger, Indiana. His permanent residence application was approved on August 19, 1985.

4. Petitioner filed for naturalization in 2003, however said application was deferred and he was placed in removal proceedings due to a conviction for smuggling two of his own Persian carpets for resale into the United States in Vermont during the embargo against Iran. (This law was subsequently modified and an Iranian national was allowed to bring in five (5) of his/her personal carpets into the United States.

5. On March 27, 2007, petitioner was granted Section 212(c) relief from removal by the Immigration Judge. Subsequently, on March 30, 2007, petitioner again filed an application for naturalization with the Service attaching

2

certified copies of the disposition of his criminal record and the grant of 212 (c) Relief by the Immigration Judge.

6. On December 3, 2007, petitioner was interviewed by an officer Stathos who advised him that he had passed the government and English portions of the examination, but a decision could not be made pending a background check.

7. Since that date, AMIR POUYA, has been awaiting the final approval and adjudication of his naturalization application and scheduling of his swearing in ceremony.

8. Petitioner and his counsel have made several inquiries to the Chicago DHS/USCIS Office requesting a final approval of his naturalization application without response from the government.

9. Petitioner is not requesting DHS/USCIS to exercise any discretion in this matter. Rather, to perform a ministerial function of adjudicating the naturalization application of Petitioner.

10. Petitioner has been harmed to the extent that he is unable to travel as an American citizen, or file a visa petition for his family, or, application for permanent residence for his present spouse, who is the mother of his two United States citizen children. This delay is onerous to the Petitioner and his family.

11. Defendant willfully, oppressively and unreasonably has delayed in and refused to perform a ministerial function by completing the administrative processing of the naturalization application of the Petitioner, thereby

depriving him of the right to file a visa petition for his spouse, the mother of their minor children and the opportunity to file for permanent residence for his spouse.

12. Defendant, owes a duty to Petitioner to act upon his request to have his naturalization application completed and has unreasonably failed to perform that duty.

13. The DHS/USCIS is further violating its own regulations which mandate that all background checks must be completed within 120 days. However, more than 15 months have passed since the original filing of his N-400 application. This is more than ample time for the DHS to complete the administrative processing and adjudicate Petitioner's naturalization application.

14. Petitioner has exhausted any administrative remedies that may exist.

WHEREFORE, Petitioner, AMIR POUYA, prays that this Honorable Court:

1. Compel the Defendants and those acting under them to perform a ministerial function and complete the administrative processing of and adjudicate Petitioner's naturalization application and schedule him for an immediate swearing in ceremony as a citizen of the United States.

2. Grant attorney fees to Counsel under the Equal access to Justice Act under 28 U.S.C. 2412 and costs of this suit.

3. For such other and further relief as is equitable and just and deemed appropriate under the circumstances.

Respectfully Submitted,

*Michael C. Goode*

Michael C. Goode

Prepared By:
Michael C. Goode
11 S. LaSalle #2802
Chicago, IL 60603
(312) 541-1331
(312) 236-3894 (fax)
C:mandamus.ap.5/14/08/mcg

5